**Opinion issued July 29, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00293-CR

———————————

**BRAD LEE WOOD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 128th District Court
Orange County, Texas[1]
Trial Court Case No. A-120,541-R

## MEMORANDUM OPINION

Appellant, Brad Lee Wood, pleaded guilty to unauthorized use of a motor

vehicle without an agreed recommendation from the State regarding punishment.

---

[1] Pursuant to its docket equalization authority, the Supreme Court of Texas transferred the appeal to this Court. See Misc. Docket No. 13–9042 (Tex. March 26, 2013); see also TEX. GOV'T CODE ANN. § 73.001 (West 2013) (authorizing transfer of cases).

*See* Tex. Penal Code Ann. § 31.07(a) (West 2011). The trial court found appellant guilty and assessed punishment at 2 years' state jail confinement. The trial court certified that this is not a plea-bargain case and that appellant has the right to appeal. Appellant timely filed a notice of appeal.

Appellant's counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). We modify the trial court's judgment to remove the assessment of court-appointed attorneys' fees as court costs, grant counsel's motion to withdraw, and otherwise affirm the trial court's judgment.

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous, his obligation to his client is to seek leave to withdraw. *Id.* Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well-founded. *Id.*

We may not grant the motion to withdraw until:

(1)    the attorney has sent a copy of his *Anders* brief to his client along with a letter explaining that the defendant has the right to file a pro se brief within 30 days, and he has ensured that his client has, at some point, been informed of his right to file a pro se PDR;

2

(2) the attorney has informed us that he has performed the above duties;

(3) the defendant has had time in which to file a pro se response; and

(4) we have reviewed the record, the *Anders* brief, and any pro se brief.

*See id.* at 408–09. If we agree that the appeal is wholly frivolous, we will grant the attorney's motion to withdraw and affirm the trial court's judgment. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). If we conclude that arguable grounds for appeal exist, we will grant the motion to withdraw, abate the case, and remand it to the trial court to appoint new counsel to file a brief on the merits. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Here, counsel's brief reflects that she delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a response. *See Schulman*, 252 S.W.3d at 408. More than 30 days have passed, and appellant has not filed a pro se brief. *See id.* at 409 n.23 (adopting 30-day period for response).

Counsel's brief meets the *Anders* requirements in that it presents a professional evaluation of the record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel supplies us with references to the record and provides us with citation to legal authorities. Counsel indicates that she has thoroughly reviewed the record

and that she is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Our independent review of the record reflects that appellant was found to be indigent in the trial court and on appeal, and there is no evidence in the record of a change in appellant's financial circumstances. The judgment and bill of costs, however, indicate that appellant was assessed, as court costs, $450 for his court-appointed trial attorney. We modify the judgment to remove assessment of these attorneys' fees as costs because they are not expenses properly charged against an indigent defendant. *See Armstrong v. State*, No. 07-09-00091-CR, 2011 WL 3629191, at *1 (Tex. App.—Amarillo Aug. 17, 2011, no pet.) (affirming judgment as modified; holding insufficient evidence supports assessment of court-appointed attorneys' fees as costs if the record is devoid of evidence about changed financial circumstances of indigent defendant); *see also Torres v. State*, No. 01-11-00907-CR, 2013 WL 1200261, at *1 (Tex. App.—Houston [1st Dist.] March 26, 2013, no pet.) (recognizing that court may modify and affirm judgment in *Anders* case).

We conclude that no reversible error exists in the remainder of the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Garner v. State*, 300 S.W.3d 763, 766–67 (Tex. Crim. App. 2009) (explaining that frivolity is

4

determined by considering whether there are "arguable grounds" for review); *Bledsoe*, 178 S.W.3d at 826–27 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Mitchell*, 193 S.W.3d at 155. Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *See Garner*, 300 S.W.3d at 767. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d 827 & n.6.

The judgment is modified to remove the $450.00 in erroneously assessed attorneys' fees from the total $789.00 assessment of costs, leaving $339.00 as the proper assessment of costs. We grant counsel's motion to withdraw[2] and otherwise affirm the trial court's judgment. Attorney Christine R. Brown-Zeto, must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 826–27.